UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Sky Gardens Residences, LLC,                                    Case No. 25-11136-LMI
                                                                Chapter 7
     Debtor.

_____/

Sky Garden Residences, LLC,

     Plaintiff,

vs.                                                             Adv. Pro. No. 25-01368-LMI

Black Onyx, LLC *et al*.,

     Defendant.

_____/

Trudy Y. Luedecking, P.C.

     Cross-Plaintiff and Third-Party Plaintiff,

vs.

Black Onyx, LLC, and
John A. Sims,

     Cross-Defendant and Third-Party Defendant.

_____/

**TRUDY Y. LUEDECKING, P.C.'S ANSWER, AFFIRMATIVE DEFENSES,
CROSSCLAIM, AND THIRD-PARTY CLAIM**

Trudy Y. Luedecking, P.C. ("Defendant") answers the Amended Complaint [ECF No. 35] (the "Complaint") filed by Sky Garden Residences, LLC ("Plaintiff") as follows:

1.     Admitted that the Court has jurisdiction over this matter. Denied that this is a core proceeding as to the claims against Defendant.

1

2.      Admitted.

3.      Denied as to the claims against Defendant. Admitted as to the fraudulent transfer, recovery of fraudulent transfer, and turnover claims. Otherwise, denied.

## THE PARTIES

4.      Admitted.

5.      Admitted that Black Onyx, LLC is a Florida limited liability company. Otherwise, denied.

6.      Admitted that TYL PC is a Michigan professional corporation.  Otherwise, denied.

7.      Unknown, and therefore denied.

## GENERAL ALLEGATIONS

8.      Unknown, and therefore denied.

9.      Unknown, and therefore denied.

10.     Admitted solely that Exhibit A to the Complaint contains such a heading. Otherwise, unknown, and therefore denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Unknown, and therefore denied.

16.     Unknown, and therefore denied.

17.     Unknown, and therefore denied.

18.     Unknown, and therefore denied.

2

19.     Unknown, and therefore denied.

20.     Unknown, and therefore denied.

21.     Admitted Trudy Y. Luedecking and/or TYL PC was listed as registered agent in Michigan, but denied that Trudy Y. Luedecking and/or TYL PC had knowledge of being listed as registered agent prior to this litigation.  Denied that Trudy L. Luedecking and/or TYL PC was listed as registered agent in Florida.

22.     Admitted that the addresses are consistent for Black Onyx. Otherwise, denied.

23.     Unknown, and therefore denied.

24.     Unknown, and therefore denied.

25.     Admitted.

26.     Admitted that the TYL PC IOLTA Statement discloses a deposit received from "Pim Construction, LLC" in the amount of $500,000 on October 21, 2024. Admitted that the TYL PC IOLTA Statements discloses a wire to "Black Onyx, LLC" in the amount of $500,000 on October 22, 2024. Admitted that there are no other deposits in the TYL PC IOLTA Statement for the month of October 2024. Otherwise, unknown, and therefore denied.

27.     Unknown, and therefore denied.

28.     Unknown, and therefore denied.

## COUNT 1

### (*Breach of Contract – TYL PC*)

29.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30.     Denied.

31.     Admitted that the Escrow Agreement, Alternative Escrow Agreement, and Second Alternative Escrow Agreement contain such language. Otherwise, denied.

32.     Denied.

33.     Denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested under Count 1 of the Complaint.

## COUNT 2

### (*Breach of Contract – Black Onyx*)

34.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

35.     Unknown, and therefore denied.

36.     Admitted that the Escrow Agreement, Alternative Escrow Agreement, and Second Alternative Escrow Agreement contain such language. Otherwise, denied.

37.     Unknown, and therefore denied.

38.     Unknown, and therefore denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 2 of the Complaint.

## COUNT 3

### (*Breach of Fiduciary Duty – TYL PC*)

39.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

40.     Denied.

41.     Denied.

4916-6912-1689, v. 1

42.     Admitted that the Escrow Agreement, Alternative Escrow Agreement, and Second Alternative Escrow Agreement contain such language. Otherwise, denied.

43.     Denied.

44.     Denied

45.     Denied.

46.     Denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested under Count 3 of the Complaint.

## COUNT 4

### (*Unjust Enrichment – Black Onyx*)

47.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

48.     Unknown, and therefore denied.

49.     Unknown, and therefore denied.

50.     Unknown, and therefore denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 4 of the Complaint.

## COUNT 5

### (*Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(A) – Black Onyx*)

51.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

52.     Admitted.

53.     Unknown, and therefore denied.

4916-6912-1689, v. 1

54.     Unknown, and therefore denied.

55.     Admitted.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 5 of the Complaint.

## COUNT 6

### (*Fraudulent Transfers* – 11 U.S.C. § 548(a)(1)(B) – Black Onyx)

56.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

57.     Unknown, therefore denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 6 of the Complaint.

## COUNT 7

### (Recovery of Avoided Transfers – 11 U.S.C. § 550(a)(1) and/or 550(a)(2)

58.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28, 51 through 55 and 56 through 57 as though fully set forth herein.

59.     Unknown, and therefore denied.

60.     This allegation states a legal conclusion that does not require a response. Otherwise, denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 7 of the Complaint.

## COUNT 8

61.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

4916-6912-1689, v. 1

62.    Unknown, and therefore denied.

63.    Unknown, and therefore denied.

64.    Unknown, and therefore denied.

65.    Unknown, and therefore denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against it under Count 8 of the Complaint.

## COUNT 9

### (Aiding and Abetting Fraud – John Does 1-5)

66.    Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 and 61 through 65 as through fully set forth herein.

67.    Unknown, and therefore denied.

68.    Unknown, and therefore denied.

69.    Unknown, and therefore denied.

WHEREFORE, Defendant requests the Court enter judgment in its favor and deny all relief requested against in under Count 9 of the Complaint.

## COUNT 10

### (Turnover – Black Onyx)

70.    Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as through fully set forth herein.

71.    Unknown, and therefore denied.

72.    Paragraph 72 states a legal conclusion which does not require a response. Otherwise, denied.

73.    Unknown, and therefore denied.

7

74.     Admitted that Plaintiff seeks turnover. Otherwise, unknown, and therefore denied.

WHEREFORE, Defenant requests the Court enter judgment in its favor and deny all relief requested against it under Count 10 of the Complaint.

## COUNT 11

### (Turnover – John Does 1-5)

75.     Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 28 as through fully set forth herein.

76.     Unknown, and therefore denied.

77.     Paragraph 77 states a legal conclusion which does not require a response. Otherwise, denied.

78.     Unknown, and therefore denied.

79.     Unknown, and therefore denied.

80.     Admitted that Plaintiff seeks turnover. Otherwise, unknown, and therefore denied.

WHEREFORE, Defenant requests the Court enter judgment in its favor and deny all relief requested against it under Count 11 of the Complaint.

## RESERVATION OF RIGHTS

81.     Denied.

82.     Denied.

83.     The Defendant denies each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further denies that the Plaintiff is entitled to any relief whatsoever as to anyone whatsoever.

4916-6912-1689, v. 1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Estoppel

Plaintiff is estopped from asserting the claims alleged by reason of its own conduct, including accepting and proceeding under the governing documents while later attempting to disavow their express non-refundability provisions.

### Second Affirmative Defense – Unclean Hands

Plaintiff and/or Black Onyx misled TYL PC as to the entitlement to the $500,000 and have presented the Court with altered and/or forged documents. The signature for TYL PC on the Second Alternative Escrow Agreement is forged. According, under the doctrines of unclean hands and/or *in pari delicto*, Plaintiff cannot recover under its claim for breach of fiduciary duty.

### Third Affirmative Defense – Waiver

Plaintiff waived any claim to a refund of the funds at issue by agreeing to non-refundable deposit terms and proceeding with due diligence and related conduct consistent with those terms.

### Fourth Affirmative Defense – Contractual Bar/Non-Refundable Deposit

Plaintiff's claims are barred by the express terms of the governing agreements, which provide that the first $1,000,000 in deposits were non-refundable and earned upon payment. The $500,000 deposit at issue falls entirely within that non-refundable amount.

### Fifth Affirmative Defense – Failure of Conditions Precedent

Any obligation to refund funds, to the extent such obligation is alleged, was subject to conditions precedent that were not satisfied, including but not limited to the occurrence of a closing or the satisfaction of contractual milestones.

4916-6912-1689, v. 1

### Sixth Affirmative Defense – No Binding Agreement

Plaintiff's claims are barred because no binding contract existed between TYL PC and the Plaintiff.

### Seventh Affirmative Defense – Lack of Standing

Plaintiff lacks standing to assert the claims alleged, because Plaintiff lacks any ownership interest or present right to possession of the funds at issue.

### Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses as may be revealed through discovery or further proceedings.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Trudy Y. Luedecking P.C.
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: jpage@slp.law
Email: shess@slp.law

By: ___/s/*John E. Page*___
      John E. Page
      Fla. Bar No. 860581
      Samuel W. Hess
      Fla. Bar No. 1044184

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Mail through the Case Management/Electronic Case Filing to those parties registered to receive electronic notices of filing in this case on March 20, 2026.

*/s/John E. Page*

10

4916-6912-1689, v. 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Sky Gardens Residences, LLC,                          Case No. 25-11136-LMI
                                                      Chapter 7
      Debtor.

_____/

Sky Garden Residences, LLC,

      Plaintiff,

vs.                                                   Adv. Pro. No. 25-01368-LMI

Black Onyx, LLC *et al*.,

      Defendant.

_____/

Trudy Y. Luedecking, P.C.

      Cross-Plaintiff and Third-Party Plaintiff,

vs.

Black Onyx, LLC, and
John A. Sims,

      Cross-Defendant and Third-Party Defendant.

_____/

## **CROSSCLAIM AND THIRD-PARTY CLAIM**

Trudy Y. Luedecking, P.C. ("TYL PC") hereby sues Black Onyx, LLC ("Black Onyx")

and John A. Sims ("Sims") and states:[1]

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Amended Complaint [ECF No. 35].

11

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 1367.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1391 & 1409.

## THE PARTIES

3.      TYL PC is a Michigan professional corporation.

4.      Black Onyx is a Florida limited liability company.

5.      Sims in an individual who resides in Vicksburg, Michigan.

## GENERAL ALLEGATIONS

6.      TYL PC is a law firm.

7.      TYL PC began legal representation of Black Onyx in 2018.

8.      TYL PC last performed legal services for Black Onyx in or around June 2025.

9.      TYL PC formally resigned from representation of Black Onyx on February 20, 2026.

10.     Sims is a principal of Black Onyx.

11.     TYL PC performed contract review and drafting for Black Onyx from 2018 through June of 2025.

12.     During the COVID-19 pandemic, TYL PC also began doing legal work for Black Onyx Medical, LLC, ("Black Onyx Medical") another of Sims' companies.

13.     Black Onyx Medical transacted in personal protective equipment.

14.     For Black Onyx Medical, TYL PC would draft noncompete agreements and buy-sell agreements.

15.     Black Onyx Medical would have potential buyers escrow money into TYL PC's trust account for down payments.

12

4916-6912-1689, v. 1

16.     Black Onyx Medical never closed on any transactions.

17.     TYL PC received approximately 8 down payments into its escrow account in connection with Black Onyx Medical.

18.     TYL PC's Relationship with Black Onyx Medical wound down around 2024.

19.     TYL PC and Black Onyx had an attorney-client relationship.

20.     On or about October 20, 2024, Sims called Trudy Y. Luedecking ("Luedecking") and stated that $500,000 would be deposited into the TYL PC trust account for the benefit of Black Onyx.

21.     Luedecking asked Sims whether there was an escrow agreement for the $500,000.

22.     Sims told Luedecking that he had obtained a loan for Sky Gardens.

23.     Sims told Luedecking that the $500,000 was the down payment for the loan for Sky Gardens.

24.     Sims stated to Luedecking that Black Onyx was entitled to the $500,000.

25.     Sims instructed Luedecking to send the $500,000 to Black Onyx.

26.     On October 21, 2024, $500,000 was deposited into the TYL PC trust account by PIM Construction, LLC on behalf of Plaintiff.

27.     On October 22, 2024, in reliance on Sims' representation that Black Onyx was entitled to the $500,000, TYL PC transferred the $500,000 to Black Onyx.

28.     Luedecking had never seen the Escrow Agreement, Alternative Escrow Agreement, or Second Alternative Escrow Agreement prior to October 22, 2024.

29.     Luedecking did not sign the Second Alternative Escrow Agreement.

30.     Luedecking first received a copy of the Second Alternative Escrow Agreement on June 4, 2025.

4916-6912-1689, v. 1

31.    Upon information and belief, Sims forged Luedecking's signature on the Second Alternative Escrow Agreement.

32.    Other than the 8 transactions involving Black Onyx Medical and the transaction involving the $500,000, TYL PC did not perform any other escrow services for Black Onyx, Black Onyx Medical, or any Sims-related entities.

33.    On March 6, 2025, Plaintiff filed the Amended Complaint [ECF No. 35] wherein Plaintiff asserts claims against TYL PC for breaches of contract and fiduciary duty and asserts damages of $500,000.

34.    TYL PC has had to hire an attorney to represent it in the defense of the litigation brought by the Plaintiff.

## COUNT 1
### (Fraud)

35.    TYL PC incorporates and realleges the allegations set forth in paragraphs 1-34 as though fully set forth herein.

36.    When Sims represented that Black Onyx was entitled to the $500,000, Sims made a misrepresentation.

37.    TYL PC relied on that misrepresentation when TYL PC sent the $500,000 to Black Onyx.

38.    Plaintiff sued TYL PC as a direct result of TYL PC's reliance on Sims' misrepresentation.

39.    TYL PC has been damaged through, among other things, the expenditure of attorneys' fees in defending against Plaintiff's suit.

4916-6912-1689, v. 1

WHEREFORE, TYL PC requests the Court enter judgment in favor of TYL PC and against Sims and Black Onyx in an amount to be determined at trial and award such other relief as is just and proper.

## COUNT 2
### (Indemnification)

40. TYL PC incorporates and realleges the allegations set forth in paragraphs 1-34 as though fully set forth herein.

41. TYL PC was Black Onyx's agent.

42. Black Onyx owes TYL PC a duty of indemnification.

43. TYL PC acted at Black Onyx's instruction when TYL PC sent the $500,000 to Black Onyx.

44. Black Onyx must indemnify TYL PC for any harm to TYL PC as a result of TYL PC following Black Onyx's instructions.

45. Black Onyx must indemnify TYL PC for any amounts awarded to Plaintiff on Plaintiff's claims against TYL PC.

46. Black Onyx must indemnify TYL PC for TYL PC's attorneys' fees and costs in defending against Plaintiff's claims.

WHEREFORE, TYL PC requests the Court enter judgment in favor of TYL PC and against Black Onyx in an amount to be determined at trial and grant such other relief as is just and proper.

## COUNT 3
### (Common Law Indemnification)

47. TYL PC incorporates and realleges the allegations set forth in paragraphs 1-34 as though fully set forth herein.

4916-6912-1689, v. 1

48.     As a result of Black Onyx and Sims wrongful act of instructing TYL PC to release the $500,000 to Black Onyx, TYL PC may be liable to Plaintiff.

49.     TYL PC is without fault as TYL PC acted in reliance on Sims misrepresentations.

50.     Black Onyx and Sims are wholly at fault.

51.     A special relationship existed between TYL PC and Black Onyx and Sims.

52.     Black Onyx and Sims are the persons actually guilty of the wrong.

53.     TYL PC is only vicariously, constructively, derivatively, or technically liable for the wrongful acts of Black Onyx and Sims.

54.     Black Onyx and Sims must indemnify TYL PC for any and all losses incurred in connection with Plaintiff's claims against TYL PC.

WHEREFORE, TYL PC requests the Court enter judgment in favor of TYL PC and against Black Onyx in an amount to be determined at trial and grant such other relief as is just and proper.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Trudy Y. Luedecking P.C.
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email:  jpage@slp.law
Email:  shess@slp.law

By:     /s/*John E. Page*
        John E. Page
        Fla. Bar No. 860581
        Samuel W. Hess
        Fla. Bar No. 1044184

4916-6912-1689, v. 1